**FILED** 6/18/01 12:15pm
sct Time

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Ft. Myers Division

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| NATIONAL BUSINESS AVIATION ASSOCIATION, INC., | )<br>)<br>) |
| and | )<br>) |
| GENERAL AVIATION MANUFACTURERS ASSOCIATION, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 2:00-CV-572-ftm-29d |
| v. | ) (Dispositive Motion) |
| CITY OF NAPLES AIRPORT AUTHORITY, | )<br>) |
| Defendant. | )<br>) |

## DEFENDANT'S MOTION TO EXCEED PAGE LIMITATION

Defendant City of Naples Airport Authority (the "Airport Authority") is filing on June 18, 2001 a Motion for Summary Judgment seeking to dispose of all claims in this case. Defendant respectfully moves the Court for an Order permitting Defendant to file a Memorandum in Support of that Motion ("Memorandum") that exceeds the twenty-page limit provided for under Local Court Rule 3.01(c). That proposed Memorandum is attached hereto.

In support of this Motion Defendant submits the following:

1. All parties have agreed that there are limited factual issues in this case. For example, Plaintiffs have conducted only a single deposition in this case. Accordingly, this case is one that lends itself to potential summary disposition. In order, however, to adequately address all of Plaintiffs' causes of actions and claims in a single, dispositive Motion and supporting Memorandum in a manner that is helpful to the Court, more than twenty pages is required.



2.  Although the issues in this case are not overly complicated, an understanding of the language and background of aircraft noise is essential to understanding both the applicable law and the underlying undisputed facts.  First, because both the relevant statutes and the general area of aviation regulation are understood through a separate lexicon of aviation terms, it is difficult for Defendant to explain its position, or even to describe what the relevant statutes provide for, without spending considerable time in its Memorandum explaining relevant aviation terms and procedures.  Additionally, the issues raised by Plaintiffs center on the application of many of these aviation terms and concepts.  For example, Plaintiffs contend that the regulation at issue violates the Supremacy and Commerce Clauses of the U.S. Constitution because, inter alia, it is not based on the DNL 65 decibel noise level and because the regulation does not adequately address concerns related to Stage 2 aircraft access restrictions (Complaint ¶¶ 43-48); terms and concepts that Defendant attempts to explain its Memorandum.  Accordingly, Defendant believes that the extra pages will greatly assist the Court in considering the issues in this case.

3.  Because the Plaintiffs' main claim is one of federal preemption under the Supremacy Clause of the U.S. Constitution, much of the case will turn on Congressional intent in enacting federal aviation statutes.  Because Congress has enacted a number of such statutes, and because the legislative history of such statutes is critical to interpreting congressional intent, Defendant's Memorandum addresses and presents to the Court a good deal of legislative history of the relevant statutes.  The number and nature of the relevant statutes make it difficult for Defendant to provide the Court with its explanation of these statutes and the relevant legislative history within the twenty-page limitation.

Accordingly, Defendant respectfully moves the Court for an Order allowing it to file a Memorandum of 33 pages.

Respectfully submitted, this 18th day of June.

_____
Louis X. Amato
Louis X. Amato, P.A.
801 Laurel Oak Drive
Suite 615
Naples, FL 34108
(941) 596-6500
(941) 596-2000 facsimile

_____
Perry M. Rosen
David H. Quigley
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
1333 New Hampshire Ave. N.W.
Washington, D.C. 20036
(202) 887-4000
(202) 887-4288 facsimile

Peter J. Kirsch
Daniel S. Reimer
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
1675 Broadway, Suite 2300
Denver, CO 80202
(303) 825-7000
(303) 825-7005 facsimile

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant's Motion to Exceed Page Limitation was served on this 18th day of June, 2001:

by hand delivery to

Frank J. Costello
Andrew R. Plump
Zuckert, Scoutt & Rasenberger, L.L.P.
888 Seventeenth Street, N.W., #600
Washington, DC  20006

by facsimile and first class mail, postage prepaid to

Theodore L. Tripp, Jr., Esq. (Florida Bar No. 221856)
Garvin & Tripp
2532 East First Street
Fort Myers, FL  33902

Counsel for Plaintiffs

_____